IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A POLE CAMERA NEEDED FOR A CRIMINAL INVESTIGATION | CASE NO. 5:21-sw-00073-JLT<br><br>[~~PROPOSED~~] ORDER<br><br>**UNDER SEAL** |

### ORDER

This matter comes before the Court pursuant to the application of the United States, under the All Writs Act, Title 28, United States Code, Section 1651(a), requesting an Order be issued:

1.  Authorizing the installation, maintenance and use of video equipment on utility poles, as set forth below:

    a)  The first utility pole is located on Sycamore Road in the city of Arvin, California. The pole has a view of Wernli Ct. immediately below and in-front of the pole, a street view of **1008 Wernli Ct., Arvin, CA 93203 (Location #1)**, a front view of **Location #1**, a full driveway view of **Location #1**, and a view of the homes around **Location #1**. The utility pole is owned by PG&E and is located on the north side of Sycamore road. The pole camera shall be used to conduct and record visual surveillance of activities along the public thoroughfare and the exterior (the latter meaning areas that can be observed by normal surveillance from a public vantage point) of the surrounding area for a period of 90 days.

    b)  The second utility pole is located in the corner Stockton Ave. and Orange Ave. in Arvin, California. The utility pole has no pole number displayed. The pole has a view of Stockton Ave. and Orange Ave. immediately below and in front of the pole, a street view of **125 Stockton Ave, Arvin, CA 93203** (**Location #2)**, a front view of **Location #2**, and a view of the homes around **Location #2**. The utility pole is owned by PG&E and is located on the corner of Sycamore Ave. and Orange Ave. Surveillance will not include any areas protected by the Fourth Amendment's reasonable expectation of privacy, i.e., the pole cameras will only cover areas that can be observed by normal surveillance from a public vantage point. It will not allow for observation

inside of buildings (any more so than can be observed by normal surveillance from a public vantage-point).

2. Directing PG&E and the city of Arvin to furnish agents of the Homeland Security Investigations forthwith all of the information, facilities and technical assistance necessary to accomplish the installation, maintenance and use of the video equipment.

3. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the information likely to be obtained by the installation and use of the requested video equipment relevant and material to an ongoing criminal investigation by Homeland Security Investigations, in conjunction with the Drug Enforcement Administration (DEA), Kern County Sherriff's Office (KCSO), and California Highway Patrol (CHP) (collectively, the "Investigating Agencies"), and others in connection with various offenses in violation of Title 21, United States Code, Sections 841 and 846. Accordingly:

IT IS HEREBY ORDERED, pursuant to 28 United States Code, Section 1651(a), that the Investigating Agencies are authorized to install, maintain, and use the requested video equipment on the aforementioned utility poles to conduct surveillance of the public thoroughfare and the exterior of the surrounding area of 125 Stockton Ave. and 1008 Wernli Ct., in Arvin, California, for a period of 90 days;

IT IS FURTHER ORDERED, that PG&E and the city of Arvin shall provide the Investigating Agencies forthwith all of the information, facilities and technical assistance necessary to accomplish the installation, maintenance, and use of the video equipment with a minimum of interference with services presently provided by means of the utility poles; and

IT IS FURTHER ORDERED, that PG&E and the city of Arvin shall be compensated by the Homeland Security Investigations for reasonable expenses incurred in providing technical assistance; and

IT IS FURTHER ORDERED that in the event that the city of Arvin and/or PG&E objects to this Order, it shall have the right to apply forthwith to the Court ex parte for whatever relief or modification it deems essential under the Order and its obligation to comply with this Order shall be stayed until the Court rules on any such objection; and

IT IS FURTHER ORDERED that this Order and the Application be filed and maintained UNDER SEAL until further order of the Court, and that PG&E, the city of Arvin, and their agents and employees, shall not disclose to any other person the existence of this Order, the Application, the cameras or this investigation, unless and until otherwise ordered by the Court.

Dated:     July 23, 2021

*[signature: Jennifer L. Thurston]*
The Honorable Jennifer L. Thurston
Chief United States Magistrate Judge